DECISION
This matter is before the Court on timely appeal from a decision of a hearing committee empaneled pursuant to the Law Enforcement Officers' Bill of Rights, G.L. 1956 (1988 Reenactment) § 42-28.6 (hereinafter referred to as the Committee). Jurisdiction in this Court is pursuant to §42-28.6-12 wherein is referenced § 45-20-1.1, the appeal standard of trial de novo before a justice of the Superior Court without a jury. Rule 52 of the Rules of Civil Procedure requires the Court sitting without a jury to find the facts specially, and to separately state its conclusions of law thereon.
The parties stipulated, with the concurrence of the Court, that rather than having a full-blown trial, the de novo review would consist of the Court's review of the record below. The parties further stipulated that at the relevant times, the West Warwick Police Department did not have a policy defining the content of an arrest report.
FACTS AND PROCEDURAL HISTORY
The matter arises out of actions taken by Officer Edward J. Ferreira (hereinafter referred to as Ferreira), a member of the West Warwick police force holding the rank of lieutenant,[1]
and the then-Chief of Police of the Town of West Warwick (hereinafter referred to as Chief).
After thorough review of the evidence and testimony the Court finds the following facts:
 1. On February 26, 1994, Ferreira was on duty as the Officer in Charge of the West Warwick Police Department for the midnight to 8 [a.m.] shift. (11/8/95 Tr. p. 119).
 2. At 3 a.m. on February 26, 1994, John J. Rathburn (hereinafter referred to as Rathburn) was taken into custody for an open container violation by West Warwick Police Officer Joseph P. McConaghy (hereinafter referred to as McConaghy). (Exh. 4).
 3. McConaghy's arrest report indicates that Rathburn was arrested on Legion Way in the Town of West Warwick while he was drinking an open container of beer. (Exh. 4).
 4. McConaghy transported Rathburn to the police station where he intended to determine whether Rathburn would be charged. (11/2/95 Tr. pp. 66-67).
 5. Eventually McConaghy put Rathburn outside the rear of the police station but, even though he was free to do so, Rathburn would not leave. (11/2/95 Tr. pp. 66, 68-69, 77; Exh. 4).
 6. McConaghy allowed Rathburn to reenter the station after Rathburn caused a disturbance in the parking lot behind the station. (11/2/95 Tr. pp. 69-70).
 7. Ferreira placed Rathburn under arrest inside the police station. (11/2/95 Tr. p. 73).
 8. McConaghy informed Ferreira about the circumstances surrounding his involvement with Rathburn and Ferreira had reviewed his arrest report. (11/2/95 Tr. pp. 72-73, 77-78).
 9. The arrest report does not document any of the events that transpired after McConaghy placed Rathburn "under arrest" on Legion Way. (Exh. 4).
 10. Prior to Rathburn's arraignment, Ferreira, on duty as the Officer in Charge of the shift, informed Detective Captain Thomas G. Cornicelli (hereinafter referred to as Cornicelli) that Rathburn had acted agitated and would not leave the station; the officers opened one of Rathburn's cans of beer, handed it to Rathburn then placed him under arrest for possession of an open container. (Exh. 5).
 11. Later that morning, Rathburn was arraigned by Cornicelli before a commissioner on a charge of unlawfully possessing an open container of alcohol on Legion Way, a public way in West Warwick. (Exhs. 2, 5).
 12. During the arraignment, Cornicelli heard Rathburn tell the bail commissioner that he was not guilty; the police put the beer in his hands and arrested him; Rathburn pleaded not guilty and was released on personal recognizance. (Exh. 5).
 13. In his March 3, 1994 interdepartmental report to the Chief, Cornicelli documented the discrepancy between the arrest report and the similar oral reports of Ferreira and Rathburn. (Exh. 5).
 14. Ferreira is aware that one of his responsibilities while acting as Officer in Charge is to review the reports of subordinates and to ensure that information contained therein is correct. (11/8/95 Tr. pp. 176-177).
 15. Ferreira is charged with intentionally carrying out or directing a subordinate to carry out an unlawful arrest after planting evidence on a suspect and with falsifying police records in order to cover up the unlawful arrest; specifically, Ferreira is charged with filing false police reports and obstructing justice; conduct unbecoming an officer; neglect of duty; violation of the police officer's oath through violation of public trust; failure to file accurate, complete reports; failure to truthfully state facts in the report; and failure to supervise, instruct and control subordinates. (11/2/45 Tr. p. 7).
 16. Section 2 of the West Warwick Police Department Rules and Regulations, part A, in summary, provides that, "An officer in charge . . . is responsible for the immediate supervision and control of all officers under his command and is personally responsible for their efficiency and effectiveness as members of the Department." Specifically, part B provides, in pertinent part, that the duties and responsibilities of the Officer in Charge include:
 " . . . Oversee the booking process . . . Inform the relieving officer of all police business that is pending or would otherwise be of interest or importance to him . . . ." (Exh. 1).
 17. As of the date of Ferreira's subject conduct, the West Warwick Police Department had no official policy regarding the content of its police officer's written arrest report.
FAILURE TO SUPERVISE, INSTRUCT AND CONTROL SUBORDINATES
As Officer in Charge of the midnight to 8 a.m. shift on February 26, 1994, Ferreira's responsibilities included supervising, instructing and controlling subordinates. The Court finds inconsistencies between McConaghy's testimony that he brought Rathburn back to the police station in order to determine if Rathburn should be charged rather than arresting him on Legion Way for possession of an open container and his arrest report stating Rathburn was placed under arrest on Legion Way. Additionally, McConaghy allowed Rathburn to freely exit the police station and subsequently allowed him to reenter the station after Rathburn caused a disturbance outside the station. Unlike the arrest report, McConaghy's testimony indicates that after Rathburn reentered the station, Ferreira, not McConaghy, placed Rathburn under arrest. McConaghy testified that he believed that he informed Ferreira of the circumstances surrounding his involvement with Rathburn and that Ferreira reviewed his arrest report. Ferreira admits that his responsibilities as Officer in Charge include reviewing a report of a subordinate and ensuring its accuracy. In the subject arrest report, there is no mention of the significant events which transpired at the police station during Ferreira's shift as Officer in Charge. Based on the testimony and evidence, the Court finds that Ferreira failed to ensure that the report generated by a subordinate, McConaghy, accurately reflected the facts and circumstances surrounding Rathburn's arrest. Ferreira also failed to properly supervise or instruct his subordinates when he withheld significant information, to wit, a person threatening Rathburn at gunpoint "in the area of Arctic" in West Warwick. In this Court's opinion, Ferreira failed to (1) disseminate said information to officers on patrol in order to ensure their safety and (2) ensure that said information was reflected in McConaghy's report. Based on the testimony and evidence, including Ferreira's service record, the Court finds that Ferreira failed to properly carry out his responsibilities as Officer in Charge. Based on these findings, in this Court's opinion, just cause for imposing discipline exists.
CONCLUSION
After a review of the entire record, the Court finds competent and sufficient evidence to support disciplining Ferreira.[2] Accordingly, the Court imposes the following discipline: Ferreira shall be suspended without pay for a period of ten (10) days; Ferreira is not to suffer any demotion in rank and is to be fully reinstated with the rank of lieutenant at the end of said period of suspension; Ferreira is not awarded any compensation for lost overtime, details or other additional income he may have earned during his time spent suspended from duty with pay; and Ferreira, while on suspension without pay, shall continue to receive all other customary benefits as he would be entitled to absent the suspension.
The prevailing party shall submit a proposed order which will be settled after notice.
[1] At the time of the subject actions, Ferreira held the rank of sergeant. During the course of this matter, pursuant to the collective bargaining agreement, Ferreira was promoted to and holds the rank of lieutenant.
[2] If this matter had been before the Court under the recently enacted review standard, essentially review of the hearing committee's decision as an administrative review rather than de novo trial, the result would have been the same as that herein.